**Fill in this information to identify the case**

United States Bankruptcy Court for the:

Southern District of New York (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Sears Operations LLC

**2. All other names debtor used in the last 8 years**  See Schedule 1

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  35-2524331

**4. Debtor's address**

Principal place of business:
3333 Beverly Road
Number   Street

Hoffman Estates   Illinois   60179
City   State   ZIP Code

Cook County
County

Mailing address, if different from principal place of business:
_____   _____
Number   Street

P.O. Box _____

_____   _____   _____
City   State   ZIP Code

**Location of principal assets, if different from principal place of business**

_____   _____
Number   Street

_____   _____   _____
City   State   ZIP Code

**5. Debtor's website (URL)**  www.searsholdings.com

**6. Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

Official Form 201   Voluntary Petition for Non-Individuals Filing for Bankruptcy   Page 1

WEIL:\96272856\1\73217.0003

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above  Retail

B. *Check all that apply:*

☐ Tax- entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

SIC Code 5311 (NAICS Code 4521)

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
   ☐ A plan is being filed with this petition.
   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes     District _____    When _____    Case number _____
                             MM/ DD/ YYYY
           District _____    When _____    Case number _____
                             MM / DD/ YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes     Debtor     See Schedule 2        Relationship   See Schedule 2
           District   See Schedule 2        When           See Schedule 2
           Case number, if known _____                    MM / DD/ YYYY

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number    Street

_____
City            State        ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
       Contact Name _____
       Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☒ $10,000,000,001-$50 billion
☐ More than $50 billion

| Request for Relief, Declaration, and Signatures |
|---|

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __October 15, 2018__
MM / DD / YYYY

✘   /s/ Robert A. Riecker                              Robert A. Riecker
    Signature of authorized representative of debtor    Printed name

    Chief Financial Officer
    Title

**18. Signature of attorney**

✘   /s/ Jacqueline Marcus                   Date  October 15, 2018
    Signature of attorney for debtor              MM / DD / YYYY

    Jacqueline Marcus
    Printed Name

    Weil, Gotshal & Manges LLP
    Firm Name

    767 Fifth Avenue
    Number      Street

    New York                New York              10153
    City                    State                 ZIP Code

    (212) 310-8000          jacqueline.marcus@weil.com
    Contact phone           Email address

    1867746                 New York
    Bar Number              State

**Schedule 1**

**All Other Names Used By the Debtor or its Affiliates in the Last 8 Years**

| | |
|---|---|
| A&E Factory Service | Kmart Pharmacies of Minnesota, Inc. |
| Accents for Less | Kmart Pharmacies, Inc. |
| American Siding & Deck, Inc. | Kmart Properties, Inc. |
| American Windows & Sash, Inc. | Kmart Stores of Indiana, Inc. |
| Appliance Liquidators | Kmart Stores of TNCP, Inc. |
| Austin Technology Center | KMI, Inc. |
| Bath and Kitchen Elegance | Koolvent Aluminum Products, Inc. |
| Bath and Kitchen Elegance of the Desert | Kresge - Kmart Limited |
| Big Beaver of Caguas Development Corporation | Little Caesars |
| Big Beaver of Caguas Development Corporation II | Max Acquisition Delaware Inc. |
| Big Kmart | McKids |
| Big Kmart (#3680) | McKids The Store |
| Central Wholesale Appliance Supply, Inc. | McPhail's Appliances |
| Chantell Marketing | MetaScale Technologies India Private Limited |
| Circle of Beauty Inc. | Monark |
| Delver | Monark Holdings Inc. |
| Delver.com | Monark of California |
| Designer Depot | Monark Premium Appliance Co. |
| Eblon Technologies India Private Limited | Monark Premium Appliance Co. of Arizona |
| Evoke Productions | Monark Premium Appliance Co. of California |
| FitStudio by Sears | MXSV, Inc. |
| Florida Builder Appliances, Inc. | NTB - National Tire and Battery |
| Garment Rack | NTB-National Tire & Battery |
| HDC Holding Company of Delaware, Inc. | PMB, Inc. |
| HO. Tampa Development Co. | Prairie Buck I, Inc. |
| HO. Tysons Office Investment Co. | Prairie Buck II, Inc. |
| ILJ, Inc. | Private Brands, Ltd. |
| JAF, Inc. | Relay LLC |
| KC Kelley Group | San Diego Appliance Sales |
| Kenmore Direct | Sears |
| Kids Stockroom | Sears #1284 |
| Kmart | Sears Acquisition Corp. |
| Kmart Acquisition Corp. | Sears Auto Center |
| Kmart Apparel Corp. | Sears Auto Center #6582 |
| Kmart Apparel Fashions Corp. | Sears Auto Centers |
| Kmart Apparel Leasing Corp. | Sears Carpet and Upholstery Care, Inc. |
| Kmart Apparel Service of Atlanta Corp. | Sears Essentials |
| Kmart Apparel Service of Des Plaines Corp. | Sears Grand |
| Kmart Apparel Service of Sunnyvale Corp. | Sears Grand #1673 |
| Kmart Corporation | Sears Holdings Management Corporation |
| Kmart Enterprises, Inc. | Sears Home Appliance Showrooms |
| Kmart Far East Limited | Sears Home Improvement Products (South), Inc. |
| Kmart Financing I | Sears Home Services |
| Kmart Global Sourcing Ltd. | Sears Home&Life |
| Kmart Holding Company | Sears Lessee Operations, LLC |
| Kmart Holdings, Inc. | Sears Logistics Services |
| Kmart Lessee Operations, LLC | Sears Logistics Services, Inc. |
| Kmart Management Corporation | Sears Merchandise Group |
| Kmart Michigan Property Services, L.L.C. | Sears Merchandise Group, Inc. |
| Kmart of Amsterdam, NY Distribution Center, Inc. | Sears New York Insurance Agency |
| Kmart of Pennsylvania LP | Sears Oklahoma Insurance Agency |

**Schedule 1**

**All Other Names Used By the Debtor or its Affiliates in the Last 8 Years**

| | |
|---|---|
| Sears Protection Company Inc. | The Annexx Restaurant |
| Sears Protection Company, Inc. | The Great Indoors |
| Sears Technology Services LLC | Tire Property Holding, Inc. |
| Sears, Roebuck de Mexico, S.A. de C.V. | Tri-Valley Crossings |
| Sears, Wishbook, Inc. | Troy CMBS Property, L.L.C. |
| ServiceLive Direct | Westar Kitchen & Bath LLC |
| SHMC, Inc. | Westar Kitchen and Bath |
| Shop Your Way Local, LLC | Westar Kitchen and Bath, LLC |
| shopyourway.com | Western Bluelight.com LLC |
| Sourcing and Technical Services, Inc. | WestStar Kitchen and Bath |
| SRC O.P. LLC | WestStar Kitchen and Bath LLC |
| SRC Real Estate (TX), LLC | Continental Carpet Cleaning, Inc. |
| Standards of Excellence | Sears Carpet and Upholstery Care, Inc. |
| Standards of Excellence Outlet Store | Print Procurement Company, LLC |
| Super K | Print Production Company, LLC |
| Super Kmart | Relay LLC |
| SUPER KMART CENTER | Shop Your Way Local, LLC |
| Super Kmart Center | Sears New York Insurance Agency |
| Texas Bluelight.com Inc. | Sears Oklahoma Insurance Agency |

## Schedule 2

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Sears Holdings Corporation.

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| Sears, Roebuck and Co. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Corporation | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Holding Corporation | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Operations LLC | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Operations LLC | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| ServiceLive, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Factory Service, LLC | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Home Delivery, LLC | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Lawn & Garden, LLC | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| A&E Signature Service, LLC | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| FBA Holdings Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Innovel Solutions, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Corporation | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| MaxServ, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Private Brands, Ltd. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Development Co. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Management Corporation | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home & Business Franchises, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Home Improvement Products, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Insurance Services, L.L.C. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Procurement Services, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (PR) Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Roebuck Acceptance Corp. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears, Roebuck de Puerto Rico, Inc. | 18-_____(  ) | October 15, 2018 | S.D.N.Y. | Pending |

Schedule 2

# Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

| COMPANY | CASE NUMBER | DATE FILED | DISTRICT | JUDGE |
|---|---|---|---|---|
| SYW Relay LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Wally Labs LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Big Beaver of Florida Development, LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| California Builder Appliances, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Florida Builder Appliances, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| KBL Holding Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| KLC, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Michigan, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart of Washington LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Illinois LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart Stores of Texas LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| MyGofer LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Business Unit Corporation | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Holdings Publishing Company, LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Protection Company (Florida), L.L.C. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| SHC Desert Springs, LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| SOE, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| StarWest, LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| STI Merchandising, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Troy Coolidge No. 13, LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| BlueLight.com, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands, L.L.C. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Buying Services, Inc. | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Kmart.com LLC | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |
| Sears Brands Management Corporation | 18-_____ (   ) | October 15, 2018 | S.D.N.Y. | Pending |

**ACTION BY
WRITTEN CONSENT OF
THE GOVERNING BODIES
OF**

**KMART HOLDING CORPORATION
KMART OPERATIONS LLC
SEARS OPERATIONS LLC
SEARS, ROEBUCK AND CO.
SERVICELIVE, INC.
A&E FACTORY SERVICE, LLC
A&E HOME DELIVERY, LLC
A&E LAWN & GARDEN, LLC
A&E SIGNATURE SERVICE, LLC
FBA HOLDINGS INC.
INNOVEL SOLUTIONS, INC.
KMART CORPORATION
MAXSERV, INC.
PRIVATE BRANDS, LTD.
SEARS DEVELOPMENT CO.
SEARS HOLDINGS MANAGEMENT CORPORATION
SEARS HOME & BUSINESS FRANCHISES, INC.
SEARS HOME IMPROVEMENT PRODUCTS, INC.
SEARS INSURANCE SERVICES, L.L.C.
SEARS PROCUREMENT SERVICES, INC.
SEARS PROTECTION COMPANY
SEARS PROTECTION COMPANY (PR), INC.
SEARS ROEBUCK ACCEPTANCE CORP.
SEARS, ROEBUCK DE PUERTO RICO, INC.
SYW RELAY LLC
WALLY LABS LLC
BIG BEAVER OF FLORIDA DEVELOPMENT, LLC
CALIFORNIA BUILDER APPLIANCES, INC.
FLORIDA BUILDER APPLIANCES, INC.
KBL HOLDING INC.
KLC, INC.
KMART OF MICHIGAN, INC.
KMART OF WASHINGTON LLC
KMART STORES OF ILLINOIS LLC
KMART STORES OF TEXAS LLC
MYGOFER LLC
SEARS BRANDS BUSINESS UNIT CORPORATION
SEARS HOLDINGS PUBLISHING COMPANY, LLC
SEARS PROTECTION COMPANY (FLORIDA), L.L.C.
SHC DESERT SPRINGS, LLC
SOE, INC.
STARWEST, LLC
STI MERCHANDISING, INC.
TROY COOLIDGE NO. 13, LLC
BLUELIGHT.COM, INC.
SEARS BRANDS, L.L.C.**

**SEARS BUYING SERVICES, INC.**
**KMART.COM LLC**
**SEARS BRANDS MANAGEMENT CORPORATION**

October 14, 2018

The required members of the board of directors, the required managers, the sole member, the sole manager, or the sole director, as the case may be (as applicable, the "Governing Body"), of each of the entities referenced above (each, a "Company" and collectively, the "Companies"), do hereby consent to, adopt, and approve, by written consent in accordance with, as applicable, Section 141(f) of the Delaware General Corporation Law, Section 18-302(d) of the Delaware Limited Liability Company Act, Section 708(b) of the New York Business Corporation Law, Section 525 of the Michigan Business Corporation Act, Section 608.4231 of the Florida Limited Liability Company Act, Section 15-1(d) of the Illinois Limited Liability Company Act, the Washington Limited Liability Company Act, Section 6.201 of the Texas Business Organizations Code, Section 1727(b) of the Pennsylvania Business Corporation Law, and Section 8.45 of the Illinois Business Corporation Act of 1983 the following resolutions and each and every action effected thereby.

This consent may be executed in two or more counterparts, each of which shall constitute an original, and all of which shall constitute one and the same instrument.

WHEREAS, the Governing Body of each Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of such Company regarding the liabilities and liquidity of such Company, the strategic alternatives available to it and the impact of the foregoing on such Company's businesses; and

WHEREAS, the Governing Body of each Company has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company;

WHEREAS, the board of directors (the "Holdings Board") of Sears Holdings Corporation ("Holdings") has determined that it is desirable and in the best interests of Holdings, its creditors, and other parties in interest, for Holdings to file a petition seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and to enter into, obtain loans and consummate the transactions under the DIP ABL Financing Documents, as a Borrower (in each case as defined below); and

WHEREAS, the Restructuring Committee of the Holdings Board has determined that it is desirable and in the best interests of Holdings, its creditors, and other parties in interest, to enter into, obtain loans and consummate the transactions under the Junior DIP Financing Documents, as a Borrower (in each case as defined below); and

WHEREAS, each Governing Body desires to approve the following resolutions.

**Commencement of Chapter 11 Case**

NOW, THEREFORE, BE IT RESOLVED, that the Governing Body has determined, after consultation with the management and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition be filed by such Company seeking relief under the Bankruptcy Code; and be it further

2

RESOLVED, that any officer of any of such Company or the sole manager of such Company, as applicable (each, an "Authorized Person"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, file and perform, in the name and on behalf of such Company, and under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with such Company's chapter 11 case (each, a "Chapter 11 Case") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, such Company's Chapter 11 Case with a view to the successful prosecution of such Chapter 11 Case (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**Debtor-in-Possession Financing**

RESOLVED, that in connection with the Chapter 11 Case, it is in the best interest of (i) in the case of each of Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart") to enter into and obtain loans and (ii) in the case of the Guarantors (as defined in the DIP ABL Term Sheet (as defined below)) to guarantee such loans, and consummate the transactions under that certain senior secured superpriority priming debtor-in-possession asset-based credit facility in an aggregate principal amount of $1.875 billion (the "DIP ABL Loan"), representing an increase of $300 million from the existing facility, on terms set forth on the term sheet attached hereto as Exhibit A (the "DIP ABL Term Sheet"). The DIP ABL Loan, will be evidenced by such Term Sheet, and upon entry of the final order approving, among other things, such Company's entry into the DIP ABL Loan, a senior secured superpriority priming debtor-in-possession asset-based credit agreement, in each case to be entered into by and among, Sears Roebuck Acceptance Corp. ("SRAC") and Kmart Corporation ("Kmart", together with SRAC, the "DIP ABL Borrowers"), and Holdings and the other Loan Parties (as defined in the DIP ABL Term Sheet (other than the DIP ABL Borrowers) as guarantors (the "Guarantors"), the lenders from time to time party thereto (the "DIP ABL Lenders"), and Bank of America, N.A., as administrative agent for the DIP ABL Lenders (in such capacity and together with its successors, the "DIP ABL Agent") (together with the Exhibits and Schedules annexed thereto, the "DIP ABL Loan Credit Agreement" and together with the DIP Loan Documents (as defined in the Dip ABL Loan Term Sheet),  the "DIP ABL Financing Documents"), in each case subject to approval of the United States Bankruptcy Court for the Southern District of New York which is necessary and appropriate to the conduct of the business of such Company; and be it further

RESOLVED, that the form, terms and provisions of (i) the DIP ABL Term Sheet, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case, substantially consistent with the DIP ABL Term Sheet, which has been presented to the Board and (ii) any and all of the other documents, agreements (including the DIP ABL Credit Agreement and the other DIP Loan Documents), including, without limitation, any guarantee and security agreement, letters,

3

notices, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the DIP ABL Loan and the performance of obligations thereunder, including the borrowings, guarantees, granting of security and pledging of collateral contemplated thereunder, are hereby, in all respects confirmed, ratified and approved; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to cause such Company to negotiate and approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP ABL Term Sheet and DIP ABL Credit Agreement, in the name and on behalf of such Company under its corporate seal or otherwise, and such other documents, agreements, instruments and certificates as may be required by the DIP ABL Agent or required by the DIP ABL Term Sheet, including the DIP ABL Credit Agreement; and be it further

RESOLVED, that such Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP ABL Financing Documents including the borrowing and reborrowing of loans, guaranteeing of obligations of the Borrowers, granting of security thereunder and the pledging of collateral; and be it further

RESOLVED, that any Authorized Person is hereby authorized to grant security interests in, and liens on, any and all property of such Company as collateral pursuant to the DIP ABL Financing Documents to secure all of the obligations and liabilities of such Company thereunder to the respective lenders and agents under the DIP ABL Financing Documents, and to authorize, execute, verify, file and/or deliver to the DIP ABL Agent, on behalf of such Company, all agreements, documents and instruments required by the respective lenders and agents under the DIP ABL Financing Documents in connection with the foregoing; and be it further

RESOLVED, that any Authorized Person, in connection with the DIP Financing, be authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and security interests in any and all property of such Company as may be contemplated by or required under the terms of any cash collateral agreements or other similar arrangements entered into in connection with the DIP Financing, in such amounts as is reasonably necessary for the continuing conduct of the affairs of such Company in the Chapter 11 Case and any of such Company's affiliates who may also, concurrently with such Company's petition, file for relief under the Bankruptcy Code; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform such Company's obligations under or in connection with the DIP ABL Term Sheet, DIP ABL Credit Agreement or any of the other DIP ABL Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

RESOLVED, that any Authorized Person is hereby authorized, empowered, and directed, in the name and on behalf of such Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP ABL Term Sheet, the DIP ABL Credit Agreement and/or any of the DIP ABL Financing Documents, in each case consistent with the DIP ABL Financing Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and be it further

4

**Retention of Advisors**

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of M-III Advisory Partners, LP, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as financial advisor for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Lazard Freres & Company, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as investment banker for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of DLA Piper LLP, located at 500 Eighth Street, NW, Washington, DC 20004, is hereby retained to provide such Company with additional real estate and advisory services in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that the firm of Prime Clerk, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for such Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

RESOLVED, that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with such Company's Chapter 11 Case, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Case; and be it further

**Ratification**

RESOLVED, that any and all past actions heretofore taken by any Authorized Officer, any director, or any member of each Company in the name and on behalf of the applicable Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

RESOLVED, that, with respect to each Company, each Authorized Person, any one of whom may act without the joinder of any of the others, hereby is authorized in the name and on behalf of such Company, to take all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

RESOLVED, that any and all past actions heretofore taken by any Authorized Person, any director, or any member of any Company in the name and on behalf of such Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[*Signature Page Follows*]

**Fill in this information to identify the case:**

Debtor name: <u>Sears Operations LLC</u>

United States Bankruptcy Court for the: <u>Southern</u> District of <u>New York</u> (State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | The Pension Benefit Guaranty Corporation<br>Attn.: Office of the Chief Counsel<br>1200 K Street, N.W., Suite 300<br>Washington District of Columbia 20005 | Attn.: Office of the Chief Counsel<br>Phone: 202-326-4110<br>Facsimile: 202-326-4114<br>Email: | Pension Benefits | | | | Unknown |
| 2 | SRAC Medium Term Notes<br>c/o BNY Midwest Trust Company<br>Attn.: President or General Counsel<br>101 Barclay St., Floor 8W,<br>New York, New York 10286 | Attn.: President or General Counsel<br>Phone: 312-294-5200<br>Facsimile:<br>Email: | Unsecured Notes | | | | $2,311,800,000.00 |
| 3 | Holdings Unsecured Notes (8.00%)<br>c/o Computershare Trust Company, N.A.<br>Attn.: President or General Counsel<br>250 Royal Street<br>Canton, Massachusetts 02021 | Attn.: President or General Counsel<br>Phone: 781-575-2000<br>Facsimile: 781-575-4210<br>Email: | Unsecured Notes | | | | $411,000,000.00 |
| 4 | Holdings Unsecured PIK Notes (8.00%)<br>c/o Computershare Trust Company, N.A.<br>Attn.: President or General Counsel<br>250 Royal Street<br>Canton, Massachusetts 02021 | Attn.: President or General Counsel<br>Phone: 781-575-2000<br>Facsimile: 781-575-4210<br>Email: | Unsecured Notes | | | | $222,600,000.00 |
| 5 | SRAC Unsecured Notes<br>c/o The Chase Manhattan Bank, N.A.<br>Attn.: Corporate Trust Department<br>4 Chase MetroTech Center, 3rd Floor<br>Brooklyn, New York 11245 | Attn.: Corporate Trust Department<br>Phone:<br>Facsimile:<br>Email: | Unsecured Notes | | | | $185,600,000.00 |
| 6 | SRAC Unsecured PIK Notes<br>c/o BNY Midwest Trust Company<br>Attn.: President or General Counsel<br>101 Barclay Street, Floor 8W<br>New York, New York 10286 | Attn.: President or General Counsel<br>Phone: 312-294-5200<br>Facsimile:<br>Email: | Unsecured Notes | | | | $107,900,000.00 |

Official Form 204    **List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders**    Page 1

Debtor  Sears Operations LLC                Case number (if known)
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Whirlpool Corporation<br>Attn.: President or General Counsel<br>2000 North M-63<br>Benton Harbor, Michigan 49022 | Attn.: President or General Counsel<br>Phone: 269-923-5000<br>Facsimile: 269-923-3722<br>Email: | Trade Payable | | | | $23,409,729.00 |
| 8 | Frigidaire Company<br>c/o Electrolux<br>Attn.: President or General Counsel<br>P.O. Box 2638<br>Carol Stream, Illinois 60132-2638 | Attn.: President or General Counsel<br>Phone: 786-388-6400<br>Facsimile:<br>Email: | Trade Payable | | | | $18,617,186.00 |
| 9 | Winia Daewoo Electronics America<br>Attn.: President or General Counsel<br>65 Challenger Road, Suite 360<br>Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel<br>Phone: 877-393-7823<br>Facsimile:<br>Email: | Trade Payable | | | | $15,180,156.00 |
| 10 | Cardinal Health<br>Attn.: President or General Counsel<br>7000 Cardinal Place<br>Dublin, Ohio 43017 | Attn.: President or General Counsel<br>Phone: 614-757-5000<br>Facsimile:<br>Email: | Trade Payable | | | | $13,877,913.00 |
| 11 | Icon Health and Fitness Inc.<br>Attn.: President or General Counsel<br>1500 South 1000 West<br>Logan, Utah 84321 | Attn.: President or General Counsel<br>Phone: 877-993-7999<br>Facsimile: 435-750-5238<br>Email: | Trade Payable | | | | $12,102,200.00 |
| 12 | HK Greatstar Int'l Co. Ltd.<br>Attn.: President or General Counsel<br>Rm 35, 4/F., Po Yip Building<br>23 Hing Yip Street, Kwun Tong,<br>Kowloon, Hong Kong | Attn.: President or General Counsel<br>Phone: 852 2110 4002<br>Facsimile: 852 3585 6687<br>Email: | Trade Payable | | | | $10,354,683.00 |
| 13 | Samsung Electronics America HA<br>Attn.: President or General Counsel<br>85 Challenger Road, 7th Floor<br>Ridgefield Park, New Jersey 07660 | Attn.: President or General Counsel<br>Phone: 201-229-4000<br>Facsimile: 201-229-4029<br>Email: | Trade Payable | | | | $8,054,247.00 |
| 14 | Apex Tool International LLC<br>Attn.: President or General Counsel<br>910 Ridgebrook Road, Suite 200<br>Sparks, Maryland 21152 | Attn.: President or General Counsel<br>Phone: 410-773-7800<br>Facsimile: 800-234-0472<br>Email: | Trade Payable | | | | $6,605,582.00 |
| 15 | Black & Decker US Inc.<br>c/o Stanley Black & Decker<br>Attn.: President or General Counsel<br>1000 Stanley Drive<br>New Britain, Connecticut 06053 | Attn.: President or General Counsel<br>Phone:<br>Facsimile:<br>Email: | Trade Payable | | | | $5,893,734.00 |
| 16 | Eastern Prime Textile Limited<br>Attn.: President or General Counsel<br>Unit F10/F, King Win FTY Building<br>No. 65-67 King Yip Street, Kwun Tong,<br>Kowloon, Hong Kong | Attn.: President or General Counsel<br>Phone: 852 21918293<br>Facsimile: 852 27939353<br>Email: | Trade Payable | | | | $5,761,992.00 |
| 17 | Winners Industry Company Limited<br>Attn.: President or General Counsel<br>Unit A, Wah Lung Building<br>49-53 Wang Lung Street,Tsuen wan,<br>New Territories, Hong Kong | Attn.: President or General Counsel<br>Phone: 86 769 83213199<br>Facsimile: 86 769 83213177<br>Email: | Trade Payable | | | | $5,359,201.00 |

| Debtor | Sears Operations LLC | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Tata Consultancy Services Ltd. Attn.: President or General Counsel 379 Thornal Street, 4th Floor Edison, New Jersey 08837 | Attn.: President or General Counsel Phone: 732-590-2600 Facsimile: Email: | Trade Payable | | | | $5,333,545.00 |
| 19 | Active Media Services Inc. Attn.: President or General Counsel 1 Blue Hill Plaza Pearl River, New York 10965 | Attn.: President or General Counsel Phone: 845-735-1700 Facsimile: 845-735-0717 Email: | Trade Payable | | | | $5,192,874.00 |
| 20 | Automotive Rentals Inc. Attn.: President or General Counsel 4001 Leadenhall Road Mount Laurel, New Jersey 08054-4611 | Attn.: President or General Counsel Phone: Facsimile: Email: | Trade Payable | | | | $4,830,313.00 |

**Fill in this information to identify the case:**

Debtor name: Sears Operations LLC

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 15, 2018          X /s/ Robert A. Riecker
         MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                        Robert A. Riecker
                                        Printed name

                                        Chief Financial Officer
                                        Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

WEIL:\96272856\1\73217.0003